SINCLAIR GLASS COMPANY et al.,
Petitioners,

v.

NATIONAL LABOR RELATIONS
BOARD, Respondent.

No. 71–1194.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 1, 1972.

Decided July 7, 1972.

J. Paige Clousson, Naphin, Banta & Cox, by James Robert Cox, Chicago, Ill., for petitioners.

Marjorie S. Gofreed, Atty., Marcel Mallet-Prevost, N.L.R.B., Washington, D. C., Eugene G. Goslee, Acting General Counsel, Dominick L. Manoli, Associate General Counsel, Elliott Moore, Atty., N.L.R.B., for respondent.

Before SWYGERT, Chief Judge, and KILEY and SPRECHER, Circuit Judges.

KILEY, Circuit Judge.

Petitioner (Sinclair) seeks review of, and to set aside, respondent's (Board's) order[1] finding petitioner guilty of violating Sections 8(a) (1), (3) and (4) of the National Labor Relations Act.[2] The Board cross-applies for enforcement. We deny the petition and enforce the order.

In December, 1967 this court enforced a Board's order finding Sinclair guilty of violating Sections 8(a) (1), (2), (3) and (5) of the Act.[3] A year later, in December, 1968, following a strike which lasted from July to October, the Company entered into a collective bargaining agreement with the Union,[4] retroactive to October, 1968.

In October, 1969 the Union filed unfair labor practice charges that Sinclair discriminated in terms of employment

---

1. 188 N.L.R.B. No. 33.

2. 29 U.S.C. § 151 et seq.

3. NLRB v. Sinclair Glass Company, No. 16525, 7th Cir., December 11, 1967.

4. United Glass and Ceramics Workers of North America.

by paying higher wage rates to employees who did not strike in 1968 than to those who did, in order to discourage Union membership. Employee Snyder, a Union "grievance woman," on December 3, 1969 gave an affidavit to the Board in support of the General Counsel's case based on the charges. She was subsequently discharged, after a conversation with Assistant Plant Manager Harris concerning the affidavit.

The Board found that the company violated Section 8(a) (1) of the Act by coercively interrogating employee Snyder; that the Company violated Sections 8(a) (3), (4) and (1) by discharging Snyder because of her Union activities and affidavit; and that the Company violated Sections 8(a) (3) and (1) by paying to one non-striking employee 25¢ an hour over the bargaining agreement rate, and by paying to two other employees 5¢ an hour more than the contract rate.

## I.

Sinclair argues that the 8(a) (1) independent violations are not supported by substantial evidence and that accordingly there is no showing in the record of anti-union animus affecting the motive for the Snyder discharge. We disagree.

■ We find ample support for the findings that Assistant Plant Manager Harris and President Hodges coercively interrogated and threatened employee Snyder with respect to her "grievance woman" activity and the filing of her affidavit with the Board; and that Harris also made representations to her that Thanksgiving turkeys were being withheld by the Company because of Union activity. There are conflicts in the evidence, but we see no basis for disagreeing with the Trial Examiner's determinations of credibility questions. And the record as a whole gives substantial support to the conclusion of the Board. The facts in Utrad Corp. v. NLRB, 454 F.2d 520 (7th Cir. decided December 23, 1971), distinguish that decision from the one before us and the decision does not militate against our conclusion here.

## II.

The Board found that the stated reasons for the Snyder discharge (*i.e.*, unsatisfactory work and attendance) were pretexts to cover up Sinclair's unlawful discharge for Snyder's Union activities in acting as a "grievance woman" and in giving the affidavit to the Board.

■■ Assuming arguendo, however, that employee Snyder's work and attendance were unsatisfactory, this would not justify discharging her unless those reasons were the sole reasons for her discharge. NLRB v. Symons Manufacturing Co., 328 F.2d 835, 837 (7th Cir. 1964); NLRB v. Fairview Hospital, 443 F.2d 1217, 1219 (7th Cir.1971). The record justifies the Board's finding that her "unsatisfactory work" was not the sole reason. We consider without merit the argument that her affidavit filed with the Board did not amount to giving testimony, so as to be protected activity under Section 8(a) (4). NLRB v. Scrivener, 405 U.S. 117, 92 S.Ct. 798, 31 L.Ed.2d 79, February 23, 1972. Furthermore, we find no basis in the record for a claim that under the circumstances employee Snyder "quit" and was not discharged.

## III.

The parties stipulated that after the strike three nonstriking employees were paid—for the same work higher wage rates than employees who struck. The Board affirmatively ordered Sinclair to pay the employees who struck the difference between the wages paid them and the higher wages paid the non-strikers. The Trial Examiner did not recommend this remedy, but merely ordered a cease and desist order.

■ Sinclair contends that the Board's order is unlawful because it changes the bargaining agreement wage rates and punishes Sinclair unlawfully rather than restoring the status quo. We see no merit in the contention.

The order is not designed to impose new contract rates for the striking employees. The order speaks only of the period for which the higher rates were paid, without reference to the contract. And restoring the status quo, without making the strikers whole for monetary losses suffered by them as a result of Sinclair's unlawful discrimination, would merely enable Sinclair to retain what benefits the unlawful discrimination was aimed at. We cannot do that because we would effectively be giving approval to the Company's unilateral policy decision not to treat employees uniformly. NLRB v. Great Dane Trailers, Inc., 388 U.S. 26, 30–31, 87 S.Ct. 1792, 18 L.Ed.2d 1027 (1967).

Here the order was clearly within the Board's discretion " 'to take such affirmative action . . . as will effectuate the policies' of the Act." NLRB v. J. H. Rutter-Rex Mfg. Co., 396 U.S. 258, 262–265, 90 S.Ct. 417, 419, 24 L.Ed.2d 405 (1969).

Enforced.